**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Scott Nicholas Rogers</u>

   v.                                              Civil No. 12-cv-324-PB

<u>State of New Hampshire</u>


**<u>REPORT AND RECOMMENDATION</u>**

    Before the court is the petition for writ of habeas corpus (doc. no. 1), filed pursuant to 28 U.S.C. § 2254, by pro se petitioner, Scott Nicholas Rogers, asserting that his state court convictions and sentences on charges of burglary, theft, and receipt of stolen property are unconstitutional. The matter is here for preliminary review to determine whether the claims raised in the petition are facially valid and may proceed. <u>See</u> Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts ("§ 2254 Rules"). For reasons set forth below, the petition should be dismissed without prejudice to refiling after the New Hampshire Supreme Court ("NHSC") issues a final judgment on Rogers's direct appeal of his convictions.[1]

---

[1] Also before the court are Rogers' motion to proceed in forma pauperis (doc. no. 3), motion to appoint counsel (doc. no. 4), and motion to unseal a state court record (doc. no. 5). In a separate order issued on this date, the court has denied those motions without prejudice to refiling if this report and recommendation is not approved.

**§ 2254 Rule 4 Standard**

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id. In undertaking this review, the court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).

The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status. "As a general rule, we are solicitous of the obstacles that pro se litigants face, and while such litigants are not exempt from procedural rules, we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects." Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

Discussion

To be eligible for habeas relief on his federal claims, a petitioner must show that he is in custody in violation of his federal constitutional or statutory rights, see 28 U.S.C. § 2254(a), and that he has exhausted the remedies available to him in the state courts on his federal claims, or that State corrective processes are unavailable or ineffective to protect his rights.  See 28 U.S.C. § 2254(b)(1).  There is a one year statute of limitations applicable to § 2254 petitions challenging state court convictions and sentences.  See 28 U.S.C. § 2244(d)(1).  In general, subject to exceptions not applicable here, the one year period begins to run upon the conclusion of all direct appeals in the state court system, followed by either the completion or denial of certiorari proceedings in the United States Supreme Court, or the expiration of the time allotted for filing a petition for certiorari review by the United States Supreme Court.  Id.; see also Ramos-Martinez v. United States, 638 F.3d 315, 320 (1st Cir. 2011).

Direct review of a criminal conviction in New Hampshire includes appellate review by the New Hampshire Supreme Court. Rogers has asserted in his petition that his direct appeal remains pending in the NHSC.  See State v. Rogers, No. 2010-0515

(appeal accepted Aug. 18, 2010). This court's review of the NHSC docket indicates that Rogers's direct appeal is scheduled for oral argument on October 23, 2012. At this time, appellate review in the state courts has not concluded, and therefore, the statute of limitations for filing a federal habeas action has not begun to run. Moreover, Rogers has not demonstrated that he has exhausted his state court remedies on his federal claims, nor can he prior to the conclusion of the state appellate process. Accordingly, the petition (doc. no. 1) should be dismissed without prejudice to refiling after the NHSC has issued its decision in State v. Rogers, No. 2010-0515.

## Conclusion

For the foregoing reasons, Rogers's § 2254 petition (doc. no. 1) should be dismissed without prejudice to refiling after the NHSC issues a decision in Rogers's direct appeal of his conviction, State v. Rogers, No. 2010-0515. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues

4

fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                                          _____
                                                          Landya McCafferty
                                                          United States Magistrate Judge

October 1, 2012

cc:   Scott Nicholas Rogers, pro se


LBM:nmd